UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUMNER ANESTHESIA ASSOCIATES, INC., )<br>THOMAS M. CARTER, REX )<br>LEATHERWOOD, JOHN EDMONDSON, )<br>and FRED CURRY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHARD L. HUBBELL, RUSSELL E. )<br>EDWARDS, and MICHAEL W. EDWARDS, )<br>)<br>Defendants. ) | Case No. 3:09-0705<br>Judge Echols |

## MEMORANDUM

This is a declaratory judgment action which has as its genesis a dispute between present shareholders of Sumner Anesthesia Associates and a former shareholder who filed for bankruptcy. Pending before the Court are cross-motions for summary judgment.

Plaintiffs seek summary judgment (Docket Entry No. 18) on the grounds that Defendant Richard L. Hubbell ("Hubbell") and his attorneys, Defendants Russell E. Edwards and Michael W. Edwards, failed to disclose the existence of an underlying state court case when Hubbell filed for bankruptcy. Plaintiffs seek a declaration that, in light of the bankruptcy, Defendants have no standing to pursue the state court case because only the bankruptcy estate has that right. Defendants move for summary judgment (Docket Entry No. 27) arguing that this Court lacks jurisdiction over the declaratory judgment action and that, in any event, there is no "actual controversy" between the parties. The Motions for Summary Judgment have been fully briefed by the parties. (Docket Entry Nos. 20, 24, 25, 28, 38, 39, & 42).

1

In addition to the cross-motion for summary judgment, Defendants have filed a Motion for Sanctions (Docket Entry No. 31) and Plaintiffs have filed a response in opposition to that motion (Docket Entry No. 36).

## I. FACTUAL BACKGROUND

The facts underlying the Motions for Summary Judgment are few and, for the most part, undisputed. Additional facts will be noted where necessary for purposes of the legal discussion.

On April 21, 2008, Hubbell, by and through his attorneys, Russell and Michael Edwards, filed a lawsuit against the Plaintiffs in the Chancery Court for Sumner County styled <u>Hubbell v. Sumner Anesthesia Associates, *et al.*</u>, Case No. 2008C-87. That action seeks to have the shareholders of Sumner Anesthesia Associates purchase Hubbell's stock.

On January 28, 2009, Hubbell filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the Middle District of Tennessee. However, Hubbell did not list the Sumner County action in his Bankruptcy Petition or accompanying Schedules, or otherwise inform the Bankruptcy Court (prior to discharge of the bankruptcy case) of the existence of that Chancery Court action. This failure occurred in spite of the fact that the "Statement of Financial Affairs" filed with the Bankruptcy Petition had a question which required the debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."

Hubbell received a Discharge from Bankruptcy on June 5, 2009, and his bankruptcy case was closed on June 10, 2009. Shortly thereafter, on June 15, 2009, Plaintiffs in the instant case learned Hubbell had filed a Bankruptcy Petition on January 28, 2009, he was issued a Discharge on June 5, 2009, and the bankruptcy case was closed on June 10, 2009. Plaintiffs then notified the Chancery Court of the bankruptcy filing and sought dismissal of the Chancery Court case on the grounds of "judicial estoppel" because Hubbell did not list the state court case in his Bankruptcy Petition. That

Motion was denied. A subsequent Motion to Reconsider prompted Defendants to threaten Plaintiffs with sanctions. Plaintiffs then requested the Chancery Court remove the motion for reconsideration from its docket.

Based on these events, Plaintiffs filed a Verified Complaint in this Court asserting that Defendants were wrongfully pursuing the Chancery Court case given the fact that Hubbell had filed bankruptcy and the Chancery Court case was not identified in the Bankruptcy Court filings. Plaintiffs seek only declaratory relief. Plaintiffs ask the Court to declare that Hubbell does not have standing to prosecute the Chancery Court case and to enjoin Hubbell and Russell and Michael Edwards from prosecuting the Sumner County case.

## II. APPLICATION OF LAW

### A. Cross-Motions for Summary Judgment (Docket Entry Nos. 18 & 27)

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the

3

nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, the parties disagree on whether this Court has jurisdiction over the action. Plaintiffs, who have the burden of establishing jurisdiction, Williams v. Redflex Traffic Sys., Inc., 582 F.3d 617, 620 (6th Cir. 2009), assert that this Court has jurisdiction over this action under 28 U.S.C. § 1334.

District courts have jurisdiction over bankruptcy actions under 28 U.S.C. § 1334(b) which provides (with an exception not presently relevant) as follows:

> [N]otwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). However, that statute must be read in conjunction with 28 U.S.C. § 157(a) which provides that "[e]ach district court may provide that any or all cases under title 11 or any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to 28 U.S.C. § 157(a) and local standing order, all cases and civil proceedings arising under Title 11 filed in this district are referred to the United States Bankruptcy Court for the Middle District of Tennessee. Thus, while this Court does have original jurisdiction over bankruptcy matters, that jurisdiction is referred to the Bankruptcy Court.

In light of the reference, the Bankruptcy Court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments[.]" 28 U.S.C. § 157(b)(1). In this case, the dispute centers around

4

Hubbell's failure to identify the Chancery Court action in his Bankruptcy Petition and Schedules. This failure is an issue properly addressed by the bankruptcy court because a cause of action is an asset that must be disclosed by the debtor and is "at the very core of the bankruptcy process." Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420, 424 (6th Cir. 2005); White v. Wyndham Vacation Ownership, Inc., 2009 WL 1074800 at *4 (E.D. Tenn. 2009).

The fact that this is a declaratory judgment action does not change the conclusion that the proper venue for this dispute is the Bankruptcy Court since "[t]he Declaratory Judgment Act does not provide an independent basis for jurisdiction." One Beacon Ins. Co. v. Chiusolo, 295 Fed. Appx. 771, 775 (6th Cir. 2008). Rather, it "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." Id.

Quite apart from the fact that the issue presented in this case should have been placed before the Bankruptcy Court in the first instance, events which occurred after the filing of this dispute indicate that there is no longer any case or controversy before the Court. After the Verified Complaint was filed, the underlying bankruptcy action was reopened and the Bankruptcy Trustee, Eva M. Lemeh, filed a motion with the Bankruptcy Court to employ Russell Edwards as counsel for the bankruptcy estate to pursue the underlying Chancery Court action. Thus, the issue about the omission of the Chancery Court proceeding from Hubbell's bankruptcy filings has been brought to the attention of the Bankruptcy Court, and, more importantly, Hubbell will not be prosecuting the case in the Chancery Court. Instead, it will be prosecuted on behalf of the bankruptcy estate.

"Article III conditions the exercise of federal judicial power on the existence of a live, ongoing case or controversy." Pettrey v. Enterprise Title Agency, Inc., 2009 WL 3425692 at *1 (6th Cir. 2009). "If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot" and "[w]hen that happens, the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed." Id.

In this case, the focus of Plaintiffs' complaint is Hubbell's failure to list the Chancery Court action in the bankruptcy proceedings and their contention that the Chancery Court action is properly an asset of the bankruptcy estate to be administered by the Bankruptcy Trustee. With the reopening of the bankruptcy estate and the Trustee's request that the Chancery Court action be pursued on behalf of the bankruptcy estate, Plaintiffs' concerns about Hubbell's lack of standing to pursue the Chancery Court action appear to be moot. In fact, as a result of the reopening of the bankruptcy proceedings, Plaintiffs filed a Motion to Withdraw their request for a preliminary injunction and in doing so observed that the Chancery Court action "is now clearly an asset of the Bankruptcy Estate of Richard L. Hubbell." (Docket Entry No. 22 at 2).

Based upon the foregoing, the Court concludes that the proper forum for this action is the Bankruptcy Court and that there is no longer a case or controversy before the Court. As such, Defendants' Motion for Summary Judgment will be granted and this case will be dismissed for lack of jurisdiction.

## B. **Defendants' Motion for Sanctions (Docket Entry No. 31)**

Defendants have filed a Motion for Sanctions in which they assert that Plaintiffs filed this action for an "improper purpose such as to harass the Defendants and/or to cause unnecessary delay in the lawsuit pending with the same parties in the Sumner Chancery Court." (Docket Entry No. 31 at 1). Defendants also claim that the lack of subject matter jurisdiction over this action "is obvious" and that the factual contentions made by the Plaintiffs are "devoid of any evidentiary support," (Id. at 2), even though Defendants admitted most of the statements contained in Plaintiffs' Statement of Material Facts (Docket Entry Nos. 19 & 26).

This Court's Local Rules require that "[e]very motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits or

6

depositions in support thereof." L.R. 7.01(a). Here, Defendants seek sanctions but provide no supporting memorandum and only a blanket reference to Rule 11 of the Federal Rules of Civil Procedure. Defendants rely upon conclusory assertions and expect the Court to accept those unadorned assertions as true. The Court sees nothing in this case which warrants the imposition of sanctions and, accordingly, Defendants' motion requesting the same will be denied.

### III. CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Summary Judgment (Docket Entry No. 18) will be denied, Defendants' Motion for Summary Judgment (Docket Entry No. 27) will be granted, and this case will be dismissed. Defendants' Motion for Sanctions (Docket Entry No. 31) will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE